IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,                )
                                          )
        Plaintiff,                        )
                                          )
v.                                        )   Case No. 11-CR-30046-MJR
                                          )
HOMERO HERNANDEZ-VEGA,                    )
                                          )
        Defendant.                        )

MEMORANDUM AND ORDER

REAGAN, District Judge:

Defendant Homero Hernandez-Vega moves the Court pursuant to 18 U.S.C. § 3145(b) for review of his detention order (Doc. 555). On July 19, 2011, Defendant was charged by way of a multi-count superseding indictment with conspiracy to distribute and possess with the intent to distribute cocaine (Count 2); entry into the United States without inspection (Count 13); and unlawful possession with the intent to distribute cocaine (Count 16). Taken into custody by Missouri authorities, Defendant appeared for a detention hearing before Magistrate Judge Lewis Blanton on July 29, 2011, and was detained. After being transferred to the Southern District of Illinois, Defendant appeared for arraignment on August 16, 2011, before Magistrate Judge Stephen Williams, who ordered that Judge Blanton's order of detention remain in full force and effect.

18 U.S.C. § 3145(b) provides for district court review of a magistrate judge's release or detention order. Pursuant to this provision, the district court must conduct a *de novo* review and need not defer to the magistrate judge's findings. **18 U.S.C. § 3145(b)**.

The district court's review may be conducted either by reviewing the transcript or by holding a new hearing. ***United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991)**.

Under the Bail Reform Act of 1984, a defendant shall not be detained pre-trial unless a condition or combination of conditions will not reasonably assure (1) the defendant's appearance as required and (2) the safety of any other person and the community. **18 U.S.C. § 3142(e);** *see United States v. Portes,* **786 F.2d 758, 765 (7th Cir. 1985).** The Government has the burden of proving that the defendant is either a flight risk or a danger to the community. ***United States v. Daniels*, 772 F.2d 382, 383 (7th Cir. 1985)**.

Here, Judge Blanton found that Defendant is both a flight risk and a danger to the community. He stated that the federal and state drug charges pending against Defendant resulted from activities which represent a danger to the community. Judge Blanton also found compelling reasons for concluding that there is a serious risk of non-appearance if Defendant were released on bond. Specifically, Defendant had failed to appear on two traffic charges and was arrested as a fugitive on a domestic assault charge as well as a fugitive from a charge of stealing a motor vehicle. Additionally, Defendant was facing a mandatory minimum sentence and removal proceedings were pending against him because he was not in the United States legally.

Defendant asserts that the presumption created by 18 U.S.C. § 3142(e) - that a defendant presents a risk of flight and a danger to the community if "there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act" -

is rebutted in this case. He contends that his relevant conduct calculation is a little over one kilogram of cocaine which, if true, exposes him to a potential sentence of five to forty years' imprisonment rather than ten years' to life imprisonment cited in the detention order.

After careful review of the record, the Court finds that no hearing is necessary because the Government has clearly carried its burden of proving that Defendant is a danger to the community and a flight risk.

Even if Defendant's relevant conduct calculation is correct, the presumption for detention on which the detention order relied has not been rebutted. Under 18 U.S.C. § 3142(e)(3)(A),

> (3) Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed--
>
> (A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.),…
>
> **18 U.S.C. § 3142**.

The grand jury found probable cause and returned a superseding indictment charging Defendant with two controlled substance offenses, each of which carries a minimum sentence in excess of ten years. Defendant has not alleged sufficient facts to overcome the presumption in favor of detention based on his relevant conduct.

Defendant is charged with being an alien subject to deportation. Under 8 U.S.C. § 1227(a)(2)(B),

> Any alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as

defined in section 802 of Title 21), other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable.
**8 U.S.C. § 1227**.

Because of Defendant's indictment in the current proceeding, his circumstances have greatly changed since the time that he was placed on bond by the United States Immigration Court. Charged with two offenses involving controlled substances, Defendant's conviction on either makes him deportable, so his incentive to flee is greater than when he appeared before the immigration court. The risk of flight is also increased because it is unlikely that the immigration court would look favorably on his application for lawful permanent residency, given the superseding indictment in this case and the probable cause that Defendant violated United States drug laws the indictment represents.

The risk of flight is increased by the lengthy sentence Defendant potentially faces. Moreover, Defendant faces a mandatory minimum sentence, if convicted, of five years at best and ten years at worst, which is an incentive to flee. Lastly, even though Defendant has family ties in this area, that is only one factor in the analysis, and it is outweighed by the totality of factors the Court must consider.

For all of these reasons, the Court **DENIES** Defendant's motion to reconsider (Doc. 555) and request for bond. The Order of Detention previously entered in this case remains in full force and effect.

IT IS SO ORDERED.

DATED this 3rd day of October, 2011

s/Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge